UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PRIME AID PHARMACY CORP.,  )<br>)<br>)<br>Plaintiff,  )<br>)  Case No.: 4:16-cv-01237-CEJ<br>v.  )<br>)<br>EXPRESS SCRIPTS, INC.,  )<br>)<br>Defendant.  ) | |

## DECLARATION OF URMILA PARANJPE BAUMANN

I, Urmila Paranjpe Baumann, hereby declare and state as follows:

1. I am the Assistant General Counsel for Litigation at Express Scripts, Inc. ("Express Scripts").

2. I make this Declaration in support of Express Scripts' Opposition to Plaintiff Prime Aid Pharmacy Corp.'s ("Prime Aid") Motion to Compel.

3. I have worked at Express Scripts for four and a half years and have been the Assistant General Counsel for Litigation since April 2013.

4. Express Scripts currently has approximately 70,000 pharmacies in its retail provider network.  These pharmacies' individual relationships with Express Scripts are governed by their own individual contracts, not by the contract that governed Express Scripts' relationship with Prime Aid.

5. I understand that Prime Aid is seeking documents from Express Scripts, from July 25, 2011 to the present, regarding all retail network pharmacies identified by Express Scripts to have either (1) failed to reverse prescription claims in a timely fashion (thereby causing Express Scripts to pay the pharmacy for prescriptions that the pharmacy never actually dispensed) or (2)

paid fines/penalties to federal or state agencies in response to an investigation or audit by any such agency. Prime Aid further seeks documents relating to any action (or inaction) that Express Scripts took against the pharmacies so identified.

6. The documents or information that Prime Aid seeks — as described in Paragraph 5 directly above — are not the kind of documents or information that Express Scripts maintains in a single, centralized place, such as an electronic database, but rather are maintained separately by pharmacy.

7. In order for Express Scripts to determine whether it has ever identified the conduct at issue in this case with respect to all of its 70,000 retail network pharmacies, Express Scripts would have to manually review information regarding every network pharmacy, within multiple departments throughout Express Scripts. For those pharmacies where Express Scripts identified such issues, Express Scripts would then have to determine what action was taken with respect to the pharmacy (*e.g.*, whether the pharmacy was terminated, whether it was asked to undertake corrective action and remain in the network, or whether some other course of action was pursued).

8. In addition, because Prime Aid seeks documents and information dating back to July 25, 2011, Express Scripts would be required to conduct the same manual review for the documents and information described above for pharmacies no longer in its network, whether due to termination by Express Scripts or the many other reasons that a pharmacy may no longer be in the network.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15 day of December, 2016.

_____

**Certificate of Service**

The undersigned hereby certifies that on this 15th day of December, 2016 a copy of the foregoing document was filed with the Clerk of the Court to be served upon counsel of record via the Court's ECF system.

*/s/* Sarah C. Hellmann