UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PRIME AID PHARMACY CORP., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:16-CV-1237 (CEJ) |
| EXPRESS SCRIPTS, INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to compel defendant to provide unredacted responses to its first and second sets of requests for production of documents. Defendant has filed a response in opposition and the issues are fully briefed.

**I.  Background**

Plaintiff Prime Aid Pharmacy Corp. is a New Jersey-based specialty pharmacy. Defendant Express Scripts, Inc., operates as a pharmacy benefits manager and provides mail order delivery of drugs through its own specialty pharmacy, Accredo Health Group, Inc. On June 25, 2011, plaintiff entered into a provider agreement with defendant.  Defendant terminated the provider agreement in August 2014, purportedly because of plaintiff's handling of seven reimbursement claims in which patients did not timely pickup medications and a $750 fine plaintiff paid to the New Jersey State Board of Pharmacy in 2012. Plaintiff alleges that the true reason for the termination was to eliminate plaintiff as a competitor to Accredo.  In the complaint plaintiff asserts various claims against the defendant,

including breach of contract and breach of the covenant of good faith and fair dealing.

On January 31, 2017, defendant produced documents to plaintiff. Counsel for defendant informed plaintiff that "confidential and sensitive information relating to other pharmacies' financial information" had been redacted. [Docs. # 88-1, # 88-3].[1] Plaintiff moves to compel production of the unredacted documents.

**II.     Discussion**

Under Federal Rule of Civil Procedure 26(b)(1), litigants may obtain

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted). Despite the broad definition of relevance and the policy of favoring liberal discovery, district courts are empowered to limit the scope of allowable discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(C).

---

[1] Defendant also redacted documents "relating to potential or active investigations by governmental authorities." The Court has separately addressed plaintiff's efforts to compel production of documents redacted on this basis. [Doc. # 133].

2

### A.   "Fraud, Waste and Abuse Activity Report"[2]

Shortly before plaintiff filed its motion, defendant produced an unredacted copy of this document in full. See Doc. # 94-1. Plaintiff's request to compel production of this document is moot.

### B.   Email Correspondence Regarding Internal Audits[3]

This document consists of an email request from a nonparty auditor for information regarding certain pharmacies, including plaintiff. Defendant redacted the portions relating to the other pharmacies, based on "the existence of ongoing governmental agency investigations of other pharmacies." [Doc. # 94 at p.4].

Plaintiff argues that this document is relevant to its claim for breach of the implied covenant of good faith and fair dealing.  The Court previously ruled that documents relating to defendant's decision-making regarding the termination of other network pharmacies was relevant to that claim. See Doc. # 59 at pp. 4-5. The Court does not agree with plaintiff that the same reasoning extends to these documents. Plaintiff's general assertion that the identities of other pharmacies and their treatment by defendant is relevant to its claim is overbroad. Plaintiff's request to compel production of this document will be denied.

### C.   Documents Regarding Medicare Part D Pre-meeting[4]

In 2014, employees in defendant's Special Investigations Unit exchanged emails regarding a meeting of the Medicare Part D working group scheduled for September 2014. In advance of the meeting, a list of pharmacies to be reviewed at that meeting was circulated.  The list included plaintiff. Defendant redacted

---

[2] Identified by the parties as Express Scripts 782_00018128. [Doc. # 90 at pp. 5-56].
[3] Identified by the parties as Express Scripts 782_00008647. [Doc. # 90 at pp. 58-62].
[4] Express Scripts 782_00011729-33; 00172935-39; 00172941-45 [Doc. # 100].

3

information regarding other pharmacies. Plaintiff contends that the information regarding other pharmacies is relevant. For the reasons stated above, the Court disagrees.

### D.   Defendant's Withholding of Reimbursement Funds[5]

These documents concern defendant's decisions regarding withholding of reimbursement funds for claims submitted by other pharmacies. For the reasons stated above, the Court finds that these documents are not relevant and plaintiff's motion to compel them will be denied.

### E.   Return of Prime Aid Funds[6]

This document consists of an internal email exchange in December 2015. Plaintiff complains that an attachment entitled "Prime Aid001.pdf" was also redacted. Defendant counters that the attachment was produced as 782_00015345. Plaintiff's motion to compel the attachment is moot.

\* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to defendant to provide unredacted responses to its first and second sets of requests for production of documents [Doc. # 87] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2017.

---

[5] Identified by the parties as Express Scripts 782_00014557 [Doc. # 90 at pp. 64-82], 782_00018641 [Doc. # 90 at p. 84], and 782_00008432 [Doc. # 90 at pp. 86-109].

[6] Identified by the parties as Express Scripts 782_00015342. [Doc. # 90 at pp. 111-26].

4